IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 24-40561 |
| | ) | |
| DEJ GRADING, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OBJECTION TO DEBTOR'S MOTION REGARDING
CASH MANAGEMENT SYSTEMS AND BANK ACCOUNTS**

The United States Trustee hereby objects to Debtor's Motion for an order authorizing maintenance and continuation of existing cash management systems and bank accounts (Filing No. 4), which requests an anticipatory waiver of § 345 of the Bankruptcy Code's requirement that a Debtor open post-petition debtor-in-possession financial accounts, and further states as follows:

1. On June 20,2024, Debtor filed a voluntary Chapter 11 Petition. On the same day, Debtor filed a Motion for an order authorizing maintenance and continuation of existing cash management systems and bank accounts (Filing No. 4), which requests an anticipatory waiver of § 345 of the Bankruptcy Code's requirement that a Debtor open post-petition debtor-in-possession financial accounts.

2. In its Motion (Filing No. 4), Debtor asserts that it operates a construction contracting business that provides high-quality grading and excavation services throughout the Omaha metro and surrounding areas. (Filing No. 4, p. 1).

3. Debtor's Motion states that it maintains five bank accounts holding funds that Debtor uses to pay operating expenses and make payroll. (Filing No. 4, pp. 1-2). The account funds are on deposit with Washington County bank (WCB) and First State Bank.

4. Debtor's Motion also states that uses its pre-petition cash management system to collect, and transfer funds. (Filing No. 4, p. 2).

5. Debtor further states that as part of the cash management system, Debtor uses preprinted business forms (letterhead, purchase orders, invoices, and checks). (Filing No. 4, p. 9).

6. Although Debtor's Motion alleges that the U.S. Trustee (UST) program requires a debtor to designate newly opened Debtor in Possession (DIP) accounts as "debtor-in-possession" accounts, however, this is no longer a requirement of the UST program.

7. Debtor makes conclusory arguments that opening DIP accounts, will "cause substantial disruption in Debtor's business," "would impair Debtor's funding alternatives and Chapter 11 efforts," and that, "imperative that it be permitted to continue to maintain its existing Bank Accounts." (Filing No. 4, p. 5).

8. Washington County bank (WCB) is not an authorized depository with Region 13 of the U.S. Trustee Program, which includes Nebraska.

9. First State Bank is not an authorized depository with Region 13 of the U.S. Trustee Program, which includes Nebraska.

10. The Federal Deposit Insurance Corporation (FDIC) insures bank deposits up to $250,000.

11. Debtor's projections (attached as Exhibit A to Filing No. 3) show that by August 26, 2024, Debtor anticipates that its financial deposits will exceed $250,000, and rise to $460,676.00 by September 9, 2024.

12. On June 24, the Court entered an Order granting Debtor's Motion to use its existing bank accounts and cash management system on an interim basis. (Filing No. 23).

13. On July 12, 2024, the Court granted Debtor's Motion to extend time to file its Schedules and statements. (Filing No. 35).

14. This matter is set for final hearing on July 18, 2024.

**Argument**

Because Debtor's funds on deposit will soon exceed the FDIC insured deposit limit of $250,000, the Court should require Debtor to comply with the requirements of § 345(b), mandating that the bankruptcy estate maintain bank accounts insured or guaranteed by the United States government. By initiating the process of complying with § 345(b) now immediately, Debtor will be in compliance with the code by the time its funds on deposit exceed FDIC limits.

For deposits or investments that are not "insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States," § 345(b) requires that the Debtor in Possession (DIP) of the bankruptcy estate to obtain from the entity with which such money is deposited, a bond in favor of the United States secured by the undertaking of an adequate corporate surety. Alternatively, the estate may require that the entity deposit government securities in accordance with 31 U.S.C. § 9303. In other words, authorized depositories shall maintain collateral unless an order of the United States Bankruptcy Court provides otherwise by (i) Surety Bond, in a form acceptable to and from a company approved by the UST in accordance with 11 U.S.C. § 345(b)(1), or (ii) deposit of securities in accordance with 11 U.S.C § 345(b)(2).

The rationale behind the § 345(b) requirements are sound. Indeed, Congress drafted §345(b) to protect the interests of the estate and creditors and "designed to reduce this risk [of loss] to creditors by converting the funds' status from an unsecured claim into one better protected by either a bond or deposit of permitted securities." *In re King Mt. Tobacco Co.*, 623 B.R. 323, 329 (Bankr. E.D. Wash. 2020). "To effect the protective measures [of §345(b),] the UST approves banking institutions in which to deposit estate funds." *Id*. This rule is consistent the UST's general supervisory duties codified in 28 U.S.C. § 586(a)(3) and its specific approval role pursuant to

3

§ 345(b)(1)(B). *Id.*; *see also* https://www.justice.gov/ust-regions-r13/file/guidelines_2020.pdf/download.

Moreover, the need for a debtor's adherence to the requirements of § 345(b) is shown by recent failures of five banks (https://www.fdic.gov/bank/historical/bank/bfb2023.html) during calendar year 2023. Depositors with account balances above the FDIC insured limit of $250,000 at these failed banks were left with little to no recourse.

In this case, Debtor cites some pre-2023 decisions involving debtors with very large, multi-state business operations where the Court allowed a waiver of the requirements of § 345(b). In each of those cases, the debtor articulated specific facts demonstrating specifically how the Debtor's business and operations were complex and multi-faceted to support its argument. In contrast, in this case, Debtor has not articulated any such facts, and instead, makes conclusory arguments. For example, using a cash management system was used to collect, and transfer funds is not unique to a business seeking Chapter 11 protection. Debtor does not explain how its business is so complex such as to allow consideration of disregarding explicit language in the Bankruptcy code. Debtor's summary allegations are insufficient to permit disregard of unequivocal Bankruptcy Code language regarding debtor financial accounts.

In light of Debtor's projections showing account balances exceeding $250,000 in approximately one month, Debtor should be required to open post-petition accounts with an authorized depository such that a full transition will occur before August 25, 2024. Should Washington County bank (WCB) or First State Bank wish to become an authorized depository and should Debtor provide a contact information with the bank, the UST program is willing to attempt to facilitate such authorization.

WHEREFORE, the United States Trustee respectfully requests the Court deny Debtor's request to waive the requirements of § 345(b).

DATED: July 9, 2024

                                              Respectfully Submitted,

                                              JERRY L. JENSEN
                                              ACTING UNITED STATES TRUSTEE

                                       By: /s/ *Amy B. Blackburn*
                                                  Amy B. Blackburn (MO #48222)
                                                  Trial Attorney, Department of Justice,
                                                  Office of the United States Trustee
                                                  Roman L. Hruska U.S. Courthouse
                                                  111 S. 18th Plaza, Suite 1148
                                                  Omaha, NE 68102
                                                  Phone: (402) 221-4300
                                                  Amy.B.Blackburn@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2024, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system.

                                                  /s/ *Amy B. Blackburn*
                                                  Amy B. Blackburn