| Fill in this information to identify the case: | |
|---|---|
| Name | **DEJ Grading, LLC** |
| United States Bankruptcy Court for the: | DISTRICT OF NEBRASKA |
| Case number (if known) | 24-40561 |

☐ Check if this is an amended filing

## Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11

02/20

**DEJ Grading, LLC's Plan of Reorganization, Dated   September 18, 2024**

**Background for Cases Filed Under Subchapter V**

**A. Description and History of DEJ Grading, LLC's Business**

Debtor in Possession, DEJ Grading, LLC (hereinafter "DEJ") is a Nebraska limited liability company. Since 2015, it has been in the business of performing excavating and grading services to customers in and around Omaha, Nebraska. The business is solely owned by Dane Jorgensen, who operates the day-to-day operations of the company. DEJ employs roughly 11 employees.

**B. Liquidation Analysis**

As of the date of this Plan of Reorganization ("Plan"), DEJ has total assets of $2,668,740, all of which have been pledged to its secured lender Byline Bank (the "Bank") under a term loan and a line of credit. As of the Petition Date, the Bank was owed in total $2,870,253.62. In a liquidation, unsecured creditors and equity interest holders would receive $0 and therefore a 0% distribution on their claims. This would be significantly less than the amount provided for under the Plan, which currently provides that unsecured claim be paid $69,435.72 over a three-year period of time. A copy of DEJ's liquidation analysis is attached as **Exhibit A** to this Plan of Reorganization.

**C. Ability to make future plan payments and operate without further reorganization**

DEJ, as the plan proponent, has included financial projections in this Plan, which are attached hereto as **Exhibit B**. DEJ projects that its disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the three-year period described in § 1191(c)(2) will be $69,435.72. Subchapter V of Chapter 11 would allow for confirmation of a plan providing for payment of a debtor's projected disposable income over a three-year period of time. The projections contained in **Exhibit B** are based on historical revenues with a slight increase in anticipation of inflation. Anticipated expenses are also consistent with historical expenses.

## Article 1: Summary

This Plan under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **DEJ Grading, LLC** holding: (1) administrative claims in full on the effective date, (2) the secured claim of Byline Bank as set forth below; and (3) unsecured claims (priority and non-priority) the total amount of $69,435.72 (which is equivalent to DEJ's projected disposable income over a three-year period) payable through annual payments commencing on August 31, 2025.

This Plan provides for:

**3** classes of secured claims;

**1** class of non-priority unsecured claims; and

**1** class of equity security holders.

**DEJ Grading, LLC**                                                    Case number (*if known*)  **24-40561**

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

| | | |
|---|---|---|
| 2.01 | **Class 1A**................................. | The claim of Byline Bank to the extent allowed as secured claims under § 506 of the Code. |
| 2.02 | **Class 1B**................................. | The disputed claims of U.S. Small Administration and Samson MCA to the extent allowed as secured claims under § 506 of the Code. |
| 2.03 | **Class 1C**................................. | The disputed secured claims held by certain equipment lenders holding a PMSI. |
| 2.04 | **Class 2**................................. | All undisputed, non-contingent, liquidated, non-priority unsecured claims allowed under § 502 of the Code. |
| 2.05 | **Class 3**................................. | Equity interests of DEJ |

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and DEJ, provided that professional fees and trustee's fees shall be paid within fourteen days after the entry of a final order approving such fees. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid through DEJ's Projected Disposable Income over a three-year period of time. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date of this Plan have been paid or will be paid on the Effective Date. |
| 3.05 | **Prospective quarterly fees** | N/A |

## Article 4: Treatment of Claims and Interests Under the Plan

4.01  **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| **Class 1A – Secured claim of Byline Bank** | [X] Impaired<br>[ ] Unimpaired | **Class 1A** is impaired by this Plan, and the holder of a Secured Claim will be paid in accordance with the claimant's loan agreement with DEJ, but amortized over a twenty year period of time. To avoid any doubt, treatment of Byline's claim is follows: (1) Term Loan: After application of the sale of Collateral (see Art. 10.3), estimated monthly payments will be $22,678.01; and (2) Line of Credit: DEJ will agree to make monthly payments of no less than $500. |

**DEJ Grading, LLC**
Name

Case number (*if known*)  **24-40561**

| | | | |
|---|---|---|---|
| Class 1B – Disputed Secured Claims | ☒ Impaired<br>☐ Unimpaired | **Class 1B** consists of claims by Samson MCA and the U.S. Small Business Administration, both of which have asserted secured claims against DEJ. DEJ disputes both claims on the basis that their liens are entirely under-secured and have no value and/or otherwise avoidable under 11 U.S.C. 506(a). | |
| Class 1C - Disputed Secured Creditors (PMSI Lenders) | ☒ Impaired<br>☐ Unimpaired | **Class 1C** includes claim by Wells Fargo and Catepillar Financial who have purchase money security interests in equipment owed by DEJ. DEJ proposes to pay each lender the value of its collateral (shown on DEJ's schedules) payable over a seven year time period, accruing interest at 3% . | |
| Class 2 – Non-priority unsecured creditors | ☒ Impaired<br>☐ Unimpaired | **Class 2** will receive the total amount of $17,335.17 from projected disposable income over a three-year period with annual payments commencing on August 31, 2025. Claimants in Class 3 would recover nothing in a liquidation, and accordingly claimants' recovery under the Plan is greater. Class 3 will also receive the benefit of anticipated avoidance actions (See Art. 10.2) which Debtor values at $20,000, net of expenses and fees. | |
| Class 3 - Equity security holders of DEJ | ☐ Impaired<br>☒ Unimpaired | **Class 3** equity security holders will retain their equity interests in DEJ Grading, LLC. | |

## Article 5: Allowance and Disallowance of Claims

| | | |
|---|---|---|
| 5.01 | **Disputed Claim** | A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:<br>(i) a proof of claim has been filed or deemed filed, and DEJ or another party in interest has filed an objection; or<br>(ii) no proof of claim has been filed, and DEJ has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. |
| 5.03 | **Settlement of disputed claims** | DEJ will have the power and authority to settle and compromise disputed claims with court approval and in compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

## Article 6: Provisions for Executory Contracts and Unexpired Leases

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | (a) DEJ assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the Effective Date:<br>**NONE.** |
| | | (b)  Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, DEJ will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.<br>A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **30** days after the date of the order confirming this Plan. |

## Article 7: Means for Implementation of the Plan

The Plan will be implemented by resolution of DEJ's sole member. Upon the Effective Date, DEJ will fund the plan through its projected disposable income and anticipated recovery of avoidance actions, which DEJ (not the trustee) will distribute in accordance with the treatment provided for in Articles 3 and 4.

## Article 8: General Provision

**DEJ Grading, LLC.**

Name

Case number (*if known*)  **24-40561**

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
| 8.02 | **Effective Date** | The "Effective Date" of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nebraska govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Corporate Governance** | Prior to the Effective Date and in compliance with 1123(a)(6), the bylaws of DEJ will be updated to prohibit the issuance of any non-voting membership interests. Furthermore, Dane Jorgensen shall remain as CEO of DEJ after confirmation and will earn an annual salary of $130,000. |
| 8.08 | **Retention of Jurisdiction** | The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters: (i) to make such orders as may be necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of the Plan; (ii) to rule on any modification of the Plan proposed under section 1193; (iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses; (iv) to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases, and (v) to adjudicate any cause of action which may exist in favor of DEJ, including preference and fraudulent transfer causes of action. |

### Article 9: Discharge

If DEJ's Plan is confirmed under § 1191(a), on the effective date of the Plan, DEJ will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that DEJ will not be discharged of any debt:

    (i) imposed by this Plan; or

    (ii) to the extent provided in § 1141(d)(6).

If DEJ's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. DEJ will not be discharged from any debt:

    (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;

    or

    (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### Article 10: Other Provisions

| | | |
|---|---|---|
| 10.1 | **Title to Assets** | Except as otherwise provided in the Plan or in the order confirming the Plan, all of the property of the estate shall vest in DEJ upon confirmation, free and clear of all liens, claims, and encumbrances, provided that each secured creditor identified in the Plan (other than those in Class 1B) shall retain its security interest in such property to the same extent and with the same priority as it had prior to confirmation. |
| 10.2 | **Avoidable Transfers** | DEJ Grading, LLC does intend to pursue the recovery of avoidable transfers under 11 U.S.C. §§ 547, 548 and 550 and, upon confirmation. The net proceeds of any amount received will be distributed, pro rata to Class 3 creditors within 60 days of receipt. |
| 10.3 | **Sale of Bank Collateral** | DEJ intends to sell certain collateral of the Bank, which is identified on **Exhibit C** to this Plan. On or before the Effective Date, DEJ shall work with the Bank to negotiate the extent and manner of the sale. All proceeds received, net of sale expenses, shall be immediately turned over to the Bank to apply to the principal of the Term Note. No creditor, other than the Bank, will be affected by the sale of the collateral. |

**Plan of Reorganization for a Small Business Under Chapter 11**

Renegade **DEJ Grading, LLC**

Name

Case number (*if known*)  **24-40561**

X  /s/

President and CEO of DEJ Grading, LLC

Dane Jorgensen

X  /s/ Lauren R. Goodman

Counsel for DEJ Grading, LLC

Lauren R. Goodman

**DEJ Grading, LLC**

**DEJ Grading, Inc.**
**Liquidation Analysis**
**As of September 16, 2024**

|  | | $ |
|---|---|---|
| **Assets** | | |
| a. Cash On Hand | $ | 286,000.00 |
| b. Accounts Receivable | $ | 70,000.00 |
| c. Inventory | $ | - |
| d. Office Furniture & Equipment | $ | 3,640.00 |
| e. Machinery & Equipment | $ | 2,309,100.00 |
| f. Automobiles | | |
| g. Building and Land | $ | - |
| h. Customer Lists | $ | - |
| i. Investment Property (stocks, bonds or other financial assets) | $ | - |
| j. Lawsuits | $ | - |
| k. Other Intangibles (including avoidance actions) | $ | - |
| | | |
| **Total Assets at Liquidation Value** | $ | **2,668,740.00** |
| LESS: Secured Creditors' Recoveries | $ | 2,870,253.62 |
| LESS: Chapter 7 trustee fees and expenses | $ | 19,795.00 |
| LESS: Chapter 11 administrative expenses | $ | 34,000.00 |
| LESS: Priority Claims, excluding adminsitrative expenses | | |

| | |
|---|---|
| (1) Balance for unsecured claims | 0 |

|  | | |
|---|---|---|
| (2) Total dollar amount of unsecured claims | $ | 1,353,495.0 |

*Including claim of US Small Business Administration and Samson MCA

| | |
|---|---|
| **Percentage of claims which unsecured claims would receive or retain under a chapter 7 liquidation.** | 0% |
| **Percentage of claims which unsecured claims would receive or retain under the Plan.** | 5% |

Exhibit A
DEJ Grading, LLC

**DEJ Grading, LLC**
**Projected Disposable Income**

| | | 11/1/2024 - 10/31/2025 | | 11/1/2025 - 10/31/2026 | | 11/1/2027 - 10/31/2028 | | Total |
|---|---|---|---|---|---|---|---|---|
| Sales | $ | $ 1,500,000.00 | $ | 1,600,000.00 | $ | 1,700,000.00 | $ | 4,800,000.00 |
| **Total Revenue** | | **$ 1,500,000.00** | | **$ 1,600,000.00** | | **$ 1,700,000.00** | | **$ 4,800,000.00** |
| Advertising | | $ 5,000.00 | $ | 5,000.00 | $ | 5,000.00 | $ | 15,000.00 |
| Equiment Maintenance | | $ 75,000.00 | $ | 76,000.00 | $ | 80,000.00 | $ | 231,000.00 |
| Bank Fees | | $ 6,000.00 | $ | 7,000.00 | $ | 8,000.00 | $ | 21,000.00 |
| Computer Exp | | $ 1,000.00 | $ | 1,100.00 | $ | 1,500.00 | $ | 3,600.00 |
| Insurance Exp | | $ 65,000.00 | $ | 67,000.00 | $ | 70,000.00 | $ | 202,000.00 |
| Legal & Accounting | | $ 2,500.00 | $ | 2,500.00 | $ | 3,000.00 | $ | 8,000.00 |
| Licenses | | $ 1,500.00 | $ | 1,500.00 | $ | 2,000.00 | $ | 5,000.00 |
| Maintenance | | $ 50,000.00 | $ | 72,000.00 | $ | 75,000.00 | $ | 197,000.00 |
| Meals & Ent | | $ 3,600.00 | $ | 4,000.00 | $ | 4,500.00 | $ | 12,100.00 |
| Payroll Tax | | $ 65,000.00 | $ | 68,000.00 | $ | 75,000.00 | $ | 208,000.00 |
| Postage | | $ 2,500.00 | $ | 3,000.00 | $ | 4,000.00 | $ | 9,500.00 |
| Rent Lease | | $ 12,000.00 | $ | 15,000.00 | $ | 20,000.00 | $ | 47,000.00 |
| Repairs | | $ 50,000.00 | $ | 60,000.00 | $ | 84,000.00 | $ | 194,000.00 |
| Fuel | | $ 290,000.00 | $ | 300,000.00 | $ | 325,000.00 | $ | 915,000.00 |
| Other Taxes | | $ 1,000.00 | $ | 2,000.00 | $ | 3,000.00 | $ | 6,000.00 |
| Travel | | $ 3,200.00 | $ | 4,000.00 | $ | 4,200.00 | $ | 11,400.00 |
| Wages | | $ 380,000.00 | $ | 400,000.00 | $ | 420,000.00 | $ | 1,200,000.00 |
| Utilities | | $ 5,000.00 | $ | 5,000.00 | $ | 5,000.00 | $ | 15,000.00 |
| Trucking | | $ 22,000.00 | $ | 46,000.00 | $ | 47,000.00 | $ | 115,000.00 |
| Interest | | $ 184,247.10 | $ | 184,247.10 | $ | 184,247.10 | $ | 552,741.30 |
| **TOTAL Opr EXP** | | **$ 1,224,547.10** | | **$ 1,323,347.10** | | **$ 1,420,447.10** | | **$ 3,968,341.30** |
| **Opr Income/Loss** | | $ 275,452.90 | $ | 276,652.90 | $ | 279,552.90 | $ | 831,658.70 |
| **Shareholder Taxes | | $ 85,390.40 | $ | 85,762.40 | $ | 86,661.40 | $ | 257,814.20 |
| **Opr Income/Loss** | | **$ 190,062.50** | | **$ 190,890.50** | | **$ 192,891.50** | | **$ 573,844.50** |
| SBA Debt Service Main | | $ 139,992.90 | $ | 139,992.90 | $ | 139,992.90 | $ | 419,978.70 |
| SBA Debt Service LOC | | $ 6,000.00 | $ | 6,000.00 | $ | 6,000.00 | $ | 18,000.00 |
| Equipment Loans (Wells Fargo) | | $ 13,122.00 | $ | 13,122.00 | $ | 13,122.00 | $ | 39,366.00 |
| Equipment Loans (CAT) | | $ 9,021.36 | $ | 9,021.36 | $ | 9,021.36 | $ | 27,064.08 |
| **Total Debt Service** | | **$ 168,136.26** | | **$ 168,136.26** | | **$ 168,136.26** | | **$ 504,408.78** |
| Net Cash Flow | | $ 21,926.24 | $ | 22,754.24 | $ | 24,755.24 | $ | 69,435.72 |
| LESS: Priority Tax Claim | | $ (17,366.67) | $ | (17,366.67) | $ | (17,366.67) | $ | 52,100.00 |
| **Distribution to Unsecured Creditors** | | $ 4,559.57 | $ | 5,387.57 | $ | 7,388.57 | $ | 17,335.72 |

** Estimated shareholder tax distribution based on 24% federal tax rate and 7% state tax rate

Docusign Envelope ID: B2E9C62A-1D45-48D4-8E79-7E87A4283E8D

## Exhibit C

DEJ Grading plans to sell the following:

- 2016 Case IH - Steiger 580 Quadtrac;

- 2016 Big Tex - 22 FT Tilt Deck

- 2009 Cash IH - Magnum 8950

- 2014 H&H - Dump Trailer

- 2016 K-Tec - 1233

- Dual Sheet Foot Roller